# CIVIL COVER SHEET

JS 44 (Rev. 12/07, NJ 5/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BLANCA CABALLERO

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 810 Selective Service |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | to Justice |
| | Employment | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | State Statutes |
| | Other | ☐ 465 Other Immigration | | |
| | ☐ 440 Other Civil Rights | Actions | | |

**PERSONAL INJURY** (Torts column):
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 2/7/12

SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8366 SE Causey Ave., Apt. C2, Happy Valley, OR 97086

Address of Defendant: 507 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. § 1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/7/12    _____   57100
                Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/7/12    _____   57100
                Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Blanca Caballero                           :          CIVIL ACTION
                              v.           :
NCO Financial Systems, Inc.                :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 2/7/12 | CraigThorKimmel | Blanca Caballero |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 540 8888 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

1
2

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

3

4   BLANCA CABALLERO,                          )
                                                )
5           Plaintiff                           )
                                                )
6       v.                                      )   **Case No.:**
                                                )
7   NCO FINANCIAL SYSTEMS, INC.,                )   **COMPLAINT AND DEMAND FOR**
                                                )   **JURY TRIAL**
8           Defendant                           )
                                                )   **(Unlawful Debt Collection Practices)**
9   _____)

10

11                              **COMPLAINT**

12          BLANCA CABALLERO ("Plaintiff"), by and through her attorneys, KIMMEL &

13   SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC.

14   ("Defendant"):

15                             **INTRODUCTION**

16          1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

17   U.S.C. § 1692 *et seq.* ("FDCPA").

18                       **JURISDICTION AND VENUE**

19          2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

20   that such actions may be brought and heard before "any appropriate United States district court

21   without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

22   jurisdiction of all civil actions arising under the laws of the United States.

23          3.      Defendant has its corporate headquarters in the Commonwealth of Pennsylvania

24   and as such, personal jurisdiction is established.

25          4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

## PARTIES

5.      Plaintiff is a natural person residing in Crescent City, California 95531.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Also, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.     Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

13.     Plaintiff never incurred any debts in connection with a business or commercial activities and, therefore, the debt, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

14.     The debt Defendant was seeking to collect is a consumer debt.

15.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

2

16.     Beginning in December 2011, and continuing through January 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment of an alleged debt.

17.     Defendant contacted Plaintiff on her cellular telephone, on average, one (1) to three (3) times a day during the relevant period, leaving her pre-recorded voicemail messages.

18.     In its pre-recorded voicemail messages, Defendant instructed Plaintiff to call them back.

19.     On numerous occasions, Plaintiff received calls from the following telephone number: (888) 289-0907, which the undersigned has confirmed is a telephone number belonging to Defendant.

20.     In other instances when Defendant contacted Plaintiff, it blocked its phone number so that "unknown" appeared on Plaintiff's caller ID, in an effort to trick Plaintiff as to its identity and to answer the phone.

21.     Also, Defendant contacted Plaintiff at times when it was inconvenient for her to receive debt collection calls when it called her on New Year's Eve and New Year's Day (a federal holiday).

22.     Specifically, Defendant contacted Plaintiff on December 31, 2011 at 9:35 a.m., 12:16 p.m., and 2:06 p.m., and on January 1, 2012, at 8:47 a.m., 10:35 a.m., and 5:41 p.m.

23.     Defendant intended to harass Plaintiff when it called her "emergency cellular telephone," as Plaintiff uses her cellular telephone solely to make long distance calls and to receive telephone calls from her family members and close friends.

24.     Plaintiff does not provide her cellular phone number to businesses or to individuals that are not members of her family or close friends, as she does not want to receive

3

PLAINTIFF'S COMPLAINT

1    solicitations or random telephone calls.

2      25.      Plaintiff is eighty (80) years old, and Defendant's constant and repetitive

3 collection calls were harassing, annoying and disturbing.

4      26.      Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed

5 to send Plaintiff any written notification informing her of her rights to dispute the debt and/or

6 request verification of the alleged debt.

7      27.      As a result, Plaintiff was unaware of the amount of the debt, the name of the

8 creditor, and her rights to dispute the debt and/or request verification of the debt.

9

10      28.      Upon information and belief, Defendant contacted Plaintiff on a repetitive and

11 continuous basis with the intent of harassing Plaintiff into paying this debt.

12 **CONSTRUCTION OF LAW**

13      29.      The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay &</u>

14 <u>Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer

15 need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v.</u>

16 <u>Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233

17 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status

18 violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

19      30.      The FDCPA is a remedial statute, and therefore must be construed liberally in

20 favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The

21 remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit</u>

22 <u>& Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the

23 Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be

24

25

4

PLAINTIFF'S COMPLAINT

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir.
2002).

31.    The FDCPA is to be interpreted in accordance with the "least sophisticated"
consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano
v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>,
869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for
the public - that vast multitude which includes the ignorant, the unthinking, and the credulous,
and the fact that a false statement may be obviously false to those who are trained and
experienced does not change its character, nor take away its power to deceive others less
experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it
ensures protection of all consumers, even naive and trusting, against deceptive collection
practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of
collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32.    In its actions to collect a debt, Defendant violated the FDCPA in one or more of
the following ways:

    a.  Defendant violated the FDCPA generally;

    b.  Defendant violated §1692c(a)(1) of the FDCPA when it communicated with
        Plaintiff at an unusual time or place or a time or place known or which should
        be known to be inconvenient to Plaintiff;

    c.  Defendant violated §1692d of the FDCPA when it harassed, oppressed or
        abused Plaintiff in connection with the collection of a debt;

5

PLAINTIFF'S COMPLAINT

d. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

e. Defendant violated §1692e of the FDCPA when it used false, deceptive or misleading representations or means in connection with the collection of a debt;

f. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt; and

g. Defendant violation §1692g of the FDCPA by failing to send Plaintiff written notification within five (5) days of its initial communication with him informing him of the amount of the debt, the name of the creditor, and of his rights to dispute the debt and/or request verification of the debt.

WHEREFORE, Plaintiff, BLANCA CABALLERO, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutor y damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BLANCA CABALLERO, demands a jury trial in this case.

6

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Date: 2|7|12

By: _____
CRAIG THOR KIMMEL
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:    kimmel@creditlaw.com

7

PLAINTIFF'S COMPLAINT